# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GONSALVES, | CASE NO. 1:09cv1526 SKO |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING REQUEST FOR EXTENSION OF TIME TO FILE OPENING BRIEF AS MOOT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Docs. 19, 22) |
| Defendant. | |

On April 12, 2010, the Court granted, upon the parties' stipulation, an extension of time to May 10, 2010, for Plaintiff to file his opening brief. (Doc. 18.) Because Plaintiff had neither filed his brief by that date, nor requested additional time to do so, the Court ordered Plaintiff, by May 17, 2010, to file his opening brief or to show cause why the Court should not impose sanctions under Local Rule 110 for failing to comply with an order of this Court. (Doc. 19.) Plaintiff filed his opening brief on May 14, 2010. (Doc. 20.) In addition, Plaintiff's counsel delineated the reasons for the delay, including "inexperience and illness on the part of a new employee and [the] failure to have a backup office policy in effect." (Doc. 23 at 1.)

//

//

//

1   The Court may, for good cause, extend the time in which to do an act after the expiration of
2 the time to do so if the party failed to act because of excusable neglect. *See* Fed. R. Civ. P.
3 6(b)(1)(B). As the United States Supreme Court has noted,

> "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

7 *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes
8 omitted); *see also Cal. Trout v. FERC*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009) (Gould, J.,
9 dissenting). "To determine whether neglect is excusable, a court must consider four factors: '(1) the
10 danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the
11 proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re*
12 *Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (*quoting Bateman v. U.S.*
13 *Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). "[T]he determination is at bottom an
14 equitable one, taking account of all relevant circumstances surrounding the party's omission."
15 *Pioneer*, 507 U.S. at 395.

16   Here, the danger of prejudice to Defendant was minimal. Moreover, the length of the delay
17 and its impact on the proceedings were not substantial. Further, the circumstances of the delay,
18 namely, the illness of counsel's staff on or about the due date of the opening brief, in turn causing
19 a delay in its filing, militate against finding that Plaintiff's delay was inexcusable. *See Islamic*
20 *Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (per curiam). Finally, Plaintiff's
21 counsel acted in good faith. In sum, Plaintiff's neglect in filing his opening brief was excusable.
22 Accordingly, the Court DISCHARGES the Order to Show Cause (Doc. 19). Furthermore, because
23 Plaintiff has filed his opening brief, the request for an extension of time to do so (Doc. 22) is
24 DENIED AS MOOT.

26 IT IS SO ORDERED.

27 **Dated:   June 9, 2010**             /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE